UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| MELANIE MARCHE AND MOLLY BENDER, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>HUNTINGTON BANCSHARES, INC. AND THE HUNTINGTON NATIONAL BANK,<br><br>Defendants. | Case No. 1:21-cv-00750<br><br>**COLLECTIVE AND CLASS ACTION COMPLAINT**<br>**JURY DEMANDED** |

Plaintiffs Melanie Marche and Molly Bender (collectively, "Plaintiffs"), individually and on behalf of all others similarly situated, and through their attorneys, for their Complaint against Defendants Huntington Bancshares, Inc. and The Huntington National Bank (collectively, "Defendants" or "Huntington"), upon personal knowledge as to themselves and upon information and belief as to other matters, alleges as follows:

## NATURE OF THE ACTION

1. This lawsuit seeks to recover overtime premium compensation and other wages owed to Plaintiffs and similarly situated individuals who worked for Defendants as overtime-wage non-exempt classified branch employees (including but not limited to relationship bankers and tellers, however variously titled) (collectively referred to as "Branch Employees"), throughout the United States pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*; and throughout Ohio pursuant to the Ohio Minimum Wage Act, O.R.C. §§ 4111.01, *et seq.* ("OMWA") and Section 34a of Article II of the Ohio Constitution ("Section 34a").

2. Branch Employees serve Huntington's customers at its retail locations, primarily performing customer service, teller, and sales duties.

3. Branch Employees regularly work overtime on a regular basis as non-exempt employees.

4. Huntington, however, did not pay Branch Employees for many of the overtime hours they worked as non-exempt employees.

5. By the conduct described in this Collective and Class Action Complaint ("Complaint"), Huntington willfully violated the FLSA by failing to pay its employees, including Plaintiffs, proper overtime wages as required by law.

6. By the conduct described in this Complaint, Huntington also willfully violated the OMWA and Section 34a by failing to pay its employees, including Plaintiff Marche (the "Ohio Class Representative"), for all hours worked at applicable minimum and overtime wage rates.

7. Plaintiffs seek to recover the unpaid wages that Huntington owes them and similarly situated current and former Branch Employees. Plaintiffs bring this action under the FLSA, on behalf of themselves and all similarly situated current and former Branch Employees nationwide who elect to opt into this action pursuant to the collective action provision of FLSA, 29 U.S.C. § 216(b).

8. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, Plaintiff Marche also bring this action on behalf of herself and a class of similarly situated current and former Branch Employees who worked in the State of Ohio to recover wages owed under the laws of Ohio.

## JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction over the FLSA claims pursuant to 28 U.S.C. §§ 1331 and 1337.

10. In addition, the Court has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

11. This Court also has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367 because they are so closely related to the claims under the FLSA that they form part of the same case or controversy under Article III of the United States Constitution.

12. Defendants are subject to personal jurisdiction in Ohio.

13. Defendants are covered employers within the meaning of the FLSA, and have had gross revenues exceeding $500,000.00 for all relevant time periods.

14. Venue in this Court is proper under 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims alleged in this Complaint occurred in Cuyahoga County, which is within the Northern District of Ohio, Eastern Division's geographic assignment.

## THE PARTIES

*Plaintiff Melanie Marche*

15. Plaintiff Marche is a resident of Cleveland, Ohio.

16. Plaintiff Marche was a Branch Employee – specifically a Relationship Banker – employed by Huntington from approximately July 2018 through March 2020.

17. During her employment with Huntington, Plaintiff Marche worked as a Branch Employee in Brooklyn, Ohio (Cuyahoga County).

18. As a non-exempt Branch Employee with Huntington, Plaintiff Marche regularly worked more than 40 hours per week, and some of that work was performed off the clock for Huntington's benefit.

19. For example, Plaintiff Marche worked off the clock for Huntington's benefit before the scheduled start time of shifts and during time recorded as unpaid meal breaks.

20. Pursuant to its policy and practice, Huntington failed to pay straight-time or overtime wages to Plaintiff Marche for the off-the-clock work she performed in multiple workweeks, including workweeks in which Plaintiff Marche's work exceeded 40 total hours (inclusive of both recorded and off-the-clock work), including, for example, during the week of October 21, 2019.

21. Pursuant to 29 U.S.C. § 216(b), Plaintiff Marche consents to sue as plaintiff under the Fair Labor Standards Act. Plaintiff Marche's consent to join form is attached to this Collective and Class Action Complaint as Exhibit A.

*Plaintiff Molly Bender*

22. Plaintiff Bender is a resident of Davison, MI.

23. Plaintiff Bender was a Branch Employee – specifically, a Teller – employed by Huntington from approximately November 2017 through June 2018.

24. During her employment with Huntington, Plaintiff Bender worked as a Branch Employee in Flint, MI.

25. As a non-exempt Branch Employee with Huntington, Plaintiff Bender regularly worked more than 40 hours per week, and some of that work was performed off the clock for Huntington's benefit.

26. For example, Plaintiff Bender worked off the clock for Huntington's benefit before the scheduled start time of shifts and during time recorded as unpaid meal breaks.

27. Pursuant to its policy and practice, Huntington failed to pay straight-time or overtime wages to Plaintiff Bender for the off-the-clock work she performed in multiple

workweeks, including workweeks in which Plaintiff Bender's work exceeded 40 total hours (inclusive of both recorded and off-the-clock work), including, for example, during the weeks of April 16, 2018 and May 7, 2018.

28. Pursuant to 29 U.S.C. § 216(b), Plaintiff Bender consents to sue as plaintiff under the Fair Labor Standards Act. Plaintiff Bender's consent to join form is attached to this Collective and Class Action Complaint as Exhibit B.

***Huntington Bancshares, Inc.***

29. Huntington Bancshares, Inc. is a multi-state diversified regional bank holding company, organized and existing under the laws of Maryland, with corporate headquarters in Columbus, Ohio.

30. Throughout the relevant period, Huntington Bancshares, Inc. employed Plaintiffs and similarly situated employees within the meaning of the FLSA and OMWA.

31. Huntington Bancshares, Inc. has had substantial control over Plaintiffs' working conditions and the unlawful policies and practices alleged herein.

32. Huntington Bancshares, Inc. is a covered employer within the meaning of the FLSA and relevant state labor laws, and, at all times relevant, employed and/or jointly employed Plaintiffs and similarly situated employees.

33. At all times relevant, Huntington Bancshares, Inc. maintained control, oversight and direction over Plaintiffs and similarly situated employees, including timekeeping, payroll and other employment practices that applied to them.

34. Huntington Bancshares, Inc. applies the same employment policies, practices, and procedures to all Branch Employees.

35. At all times relevant, Huntington Bancshares, Inc.'s annual gross volume of sales

made or business done was not less than $500,000.

***The Huntington National Bank***

36. The Huntington National Bank, a subsidiary of Huntington Bancshares, is doing business in the State of Ohio.

37. Throughout the relevant period, The Huntington National Bank employed Plaintiffs and similarly situated employees within the meaning of the FLSA.

38. The Huntington National Bank has had substantial control over Plaintiffs' working conditions and the unlawful policies and practices alleged herein.

39. The Huntington National Bank is a covered employer within the meaning of the FLSA and relevant state labor laws, and, at all times relevant, employed and/or jointly employed Plaintiffs and similarly situated employees.

40. At all times relevant, The Huntington National Bank maintained control, oversight and direction over Plaintiffs and similarly situated employees, including timekeeping, payroll and other employment practices that applied to them.

41. The Huntington National Bank applies the same employment policies, practices, and procedures to all Branch Employees.

42. At all times relevant, The Huntington National Bank's annual gross volume of sales made or business done was not less than $500,000.

43. During all relevant times, each Defendant employed Plaintiffs and other similarly situated current and former Branch Employees and controlled and directed the terms of employment and compensation of Plaintiffs and other similarly situated current and former Branch Employees. Upon information and belief, Defendants operate as a common enterprise such that the actions of one may be imputed to the other and/or they operate as joint employers

within the meaning of the FLSA and state law.

44. Each Defendant had the power to control the terms and conditions of employment of Plaintiffs and other similarly situated current and former Branch Employees, including without limitation those terms and conditions relating to the claims alleged herein.

45. During all relevant times, Defendants were Plaintiffs' employer or joint employer within the meaning of all applicable statutes.

## **COLLECTIVE ACTION ALLEGATIONS**

46. Under the FLSA, 29 U.S.C. § 216(b), Plaintiffs bring the First Cause of Action on behalf of themselves and all similarly situated current and former Huntington employees nationwide who worked as Branch Employees any time between three years prior to the filing of this Complaint and the date of final judgment in this matter, and who elect to join this action (the "FLSA Collective").

47. Plaintiffs and the FLSA Collective are similarly situated in that they have substantially similar job duties and are subject to Huntington's common compensation policies, patterns, and/or practices, including Huntington's failure to pay for off-the-clock work performed by Branch Employees for its benefit, as more fully described herein.

48. Huntington is liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiffs in numerous workweeks in which Plaintiffs worked off the clock for Huntington's benefit and their total hours for the week exceeded 40. There are many similarly situated current and former Branch Employees who have been underpaid in violation of the FLSA who would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Huntington, are readily identifiable, and can be located through Huntington's records. Notice should be sent to

the FLSA Collective pursuant to 29 U.S.C. § 216(b).

49. Defendants are jointly and severally liable under the FLSA for, *inter alia*, failing to pay proper overtime wages to Plaintiffs and the members of the FLSA Collective.

50. Huntington has required, suffered, or permitted all the work that Plaintiffs and the FLSA Collective have performed, and/or Huntington has known or should have known of all the work that Plaintiffs and the FLSA Collective have performed.

51. As part of its regular business practice, Huntington has intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiffs and the FLSA Collective. This policy and pattern or practice includes, but is not limited to:

   a. willfully failing to pay Plaintiffs and the members of the FLSA Collective overtime for all hours that they worked in excess of 40 hours per workweek; and

   b. willfully failing to record all of the time that its employees, including Plaintiffs and the FLSA Collective, have worked for the benefit of Huntington.

52. Huntington is aware or should have been aware that federal law required it to pay employees, including Plaintiffs and members of the FLSA Collective, an overtime premium for all hours worked in excess of 40 per workweek.

## **OHIO CLASS ACTION ALLEGATIONS**

53. Under Rule 23 of the Federal Rules of Civil Procedure and Ohio law, Plaintiff Marche, the Ohio Class Representative, brings claims on behalf of herself and a class of current and former Huntington employees who worked as Branch Employees in the State of Ohio any time between two years prior to the filing of this Complaint and the date of judgment in this matter (the "Ohio Class").

54. Excluded from the Ohio Class are Huntington's legal representatives, officers,

directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendants; any judge to whom this case is assigned and any member of that judge's immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Ohio Class.

55. Each of the Defendants employed the Ohio Class Representative and the members of the Ohio Class as an employer or a joint employer, all as further alleged herein.

56. The persons in the Ohio Class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is not known to Plaintiffs, the facts on which the calculation of that number can be based are presently within the sole control of Huntington.

57. Upon information and belief, the size of the Ohio Class is at least 40 workers.

58. There are questions of law and fact common to the Ohio Class that predominate over any questions solely affecting individual members of the Ohio Class, including but not limited to:

    a. whether Defendants failed and/or refused to pay the Ohio Class Representative and the Ohio Class for all hours worked, including overtime pay for all hours worked in excess of 40 hours per workweek, in violation of Ohio law;

    b. whether Defendants failed to keep true and accurate time records for all hours worked by the Ohio Class Representative and the Ohio Class, in violation of Ohio law;

    c. what proof of hours worked is sufficient where an employer fails in its duty to maintain true and accurate time records;

    d. the nature and extent of Ohio Class-wide injury and the appropriate measure of damages for the Ohio Class; and

    e. whether Defendants' policy and practice of failing to compensate the members of the Ohio Class for all hours worked was willful.

59. The Ohio Class Representative's claims are typical of the claims of Ohio Class she seeks to represent. The Ohio Class Representative and the Ohio Class work or have worked for Huntington as Branch Employees and have been subjected to its policy and pattern or practice of failing to pay for all hours worked, including overtime for hours worked in excess of 40 per week.

60. The Ohio Class Representative will fairly and adequately represent and protect the interests of the Ohio Class. The Ohio Class Representative understands that as a class representative, she assumes a fiduciary responsibility to the Ohio Class to represent its interests fairly and adequately. The Ohio Class Representative recognizes that as a class representative, she must represent and consider the interests of the Ohio Class just as she would represent and consider her own interests. The Ohio Class Representative understands that in decisions regarding the conduct of the litigation and its possible settlement, she must not favor her own interests over those of the Ohio Class. The Ohio Class Representative recognizes that any resolution of a class action lawsuit, including any settlement or dismissal thereof, must be in the best interests of the Ohio Class. The Ohio Class Representative understands that in order to provide adequate representation, one must remain informed of developments in the litigation, cooperate with class counsel by providing them with information and any relevant documentary material in one's possession, and testify, if required, in a deposition and in trial.

61. The Ohio Class Representative has retained counsel competent and experienced in complex wage and hour class actions and in labor and employment litigation.

62. A class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of wage and hour litigation like the present action, where individual plaintiffs may lack the financial resources to vigorously

prosecute a lawsuit in federal court against a corporate defendant. The members of the Ohio Class have been damaged and are entitled to recovery as a result of Huntington's common and uniform policies, practices, and procedures. Although the relative damages suffered by individual Ohio Class members are meaningful to them, such damages are small compared to the expense and burden of bringing individual cases. In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Huntington's practices.

63. This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

## COMMON FACTUAL ALLEGATIONS

64. Plaintiffs and the members of the FLSA Collective and Ohio Class (collectively, "Class Members") have been victims of a common policy and plan perpetrated by Huntington that has violated their rights under the FLSA and OMWA by denying them overtime compensation for hours worked in excess of 40 in a workweek, including hours worked before the scheduled start time of shifts and during time recorded as unpaid meal breaks.

65. Plaintiffs and Class Members have also been victims of a common policy and plan perpetrated by Huntington that has violated their rights under Ohio law by failing to compensate them at no less than the applicable minimum wage rate for all straight-time hours worked, including hours worked before the scheduled start time of shifts and during time recorded as unpaid meal breaks.

66. Upon information and belief, Plaintiffs and the Class Members worked more than 40 hours during most weeks in which they worked for Huntington.

67. For example, Huntington required Plaintiffs and other Branch Employees to work

before the start of their scheduled shifts to complete required job duties including, but not limited to, conducting security checks and opening the branch.

68. Huntington failed to compensate Plaintiffs and other Branch Employees for this time worked before the start their regularly scheduled shifts. This resulted in uncompensated, off-the-clock work, including overtime work.

69. Huntington required Plaintiffs and Branch Employees to report an uninterrupted, bona fide meal break each day on their timesheets, even when they worked through all or part of those periods. This also resulted in uncompensated, off-the-clock work, including overtime work.

70. Due to the demands Huntington imposed on them, Branch Employees frequently were unable to take all or part of their meal breaks to which they were entitled and performed compensable work during those periods that was off the clock and uncompensated.

71. Huntington failed to pay Plaintiffs and the Class Members for all hours worked, including work performed off the clock.

72. Huntington failed to pay Plaintiffs and the Class Members overtime premium compensation for all hours worked over 40 in a workweek, including work performed off the clock.

73. Huntington failed to keep accurate records of the hours that Plaintiffs and the Class Members worked.

74. Huntington has required, suffered, or permitted all the work that Plaintiffs and the Class Members have performed, and/or Huntington has known or should have known of all the work that Plaintiffs and the Class Members have performed.

75. Pursuant to a centralized, company-wide policy, pattern or practice that was

authorized, established, promulgated, and/or ratified by its corporate headquarters, Huntington required, suffered, or permitted Plaintiffs and the Class Members to work off the clock, which resulted in Huntington failing to pay Plaintiffs and the Class Members for all hours worked, including overtime hours, in violation of the FLSA and OMWA.

76. Huntington's treatment and compensation of Branch Employees did not vary depending on the location where Branch Employees worked.

77. Plaintiffs and the Class Members performed the same primary job duties.

78. As part of its regular business practice, Huntington has intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA and Ohio law with respect to Plaintiffs and the Class Members. This policy and pattern or practice includes but is not limited to:

    a. willfully failing to record all of the time that its employees, including Plaintiffs and the Class Members, have worked for the benefit of Huntington;

    b. willfully failing to keep payroll records as required by the FLSA and Ohio law; and

    c. willfully failing to pay its employees, including Plaintiffs and the Class Members, overtime wages for all of their hours that they worked in excess of 40 per week.

79. Huntington is aware or should have been aware that federal and state law required it to pay its employees an overtime premium for all hours worked in excess of 40 hours per week.

**FIRST CAUSE OF ACTION**
**(Fair Labor Standards Act: Unpaid Overtime Wages)**
**(On Behalf of Plaintiffs and the FLSA Collective)**

80. Plaintiffs reallege and incorporates by reference all allegations in all preceding paragraphs.

81. At all relevant times, Plaintiffs and the FLSA Collective were engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

82. The overtime wage provisions set forth in the FLSA, 28 U.S.C. §§ 201, *et seq*. apply to Huntington.

83. Huntington is an employer of Plaintiffs and the FLSA Collective and is engaged in commerce and/or the production of goods for commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

84. At all relevant times, Plaintiffs and the FLSA Collective were employees within the meaning of 29 U.S.C. §§ 203(e) and 207(a).

85. Huntington has failed to pay Plaintiffs and the FLSA Collective all of the overtime wages to which they are entitled under the FLSA.

86. Huntington's violations of the FLSA, as described in this Complaint, have been willful and intentional.

87. Because Huntington's violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

88. As a result of Huntington's willful violations of the FLSA, Plaintiffs and the FLSA Collective have suffered damages by being denied overtime wages in accordance with 29 U.S.C. §§ 201, *et seq*., in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs and other compensation pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION
**(Ohio Wage and Hour Law – Unpaid Wages)**
**(Brought on Behalf of Ohio Class Representative and the Ohio Class)**

89. The Ohio Class Representatives on behalf of herself and all Ohio Class members, realleges and incorporates by reference the allegations in the preceding Paragraphs as if they have been set forth herein.

90. Huntington has engaged in a widespread policy, pattern, or practice of violating Ohio law, as detailed in this Complaint.

91. At all times relevant, the Ohio Class Representative and the other members of the Ohio Class have been employees and Defendants has been an employer within the meaning of the OMWA. The Ohio Class Representative and the members of the Ohio Class are covered by the OMWA.

92. The members of the Ohio Class are similarly situated because they all performed the same primary duties, responsibilities and activities, and all are subject to Huntington's common policy and practice, implemented throughout the State of Ohio, of failing to credit and pay them proper overtime compensation, in violation of the OMWA.

93. Defendants employed the Ohio Class Representative and the members of the Ohio Class as an employer, as further alleged herein.

94. Huntington's unlawful conduct, as described in this Complaint, was willful and/or in reckless disregard of the OMWA, and was done pursuant to Huntington's centralized, company-wide policy, pattern and/or practice of attempting to minimize labor costs by failing to credit and pay the Ohio Class Representative and members of the Ohio Class proper overtime compensation, in violation of the OMWA.

95. As part of its regular business practice, Huntington has intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy of violating the OMWA with respect to the Ohio Class Representative and similarly situated Ohio Class members.

96. At all times relevant, Huntington failed to post or keep posted a notice explaining the minimum wage and overtime wage requirements, as required under the OMWA. Huntington's failure to post or keep posted a notice explaining the minimum wage and overtime

wage laws was willful or in reckless disregard of the rights of the Ohio Class Representative and the Ohio Class members.

97. Due to the foregoing as alleged in the preceding Paragraphs, Huntington's failure to pay overtime wages for work performed by the Ohio Class Representative and Ohio Class members in excess of 40 hours per workweek was willful and has been widespread, repeated and consistent.

98. Huntington's violations of the OMWA, as described in this Complaint, have been willful and intentional.

99. Due to Huntington's violations of the OMWA, the Ohio Class Representative and the members of the Ohio Class are entitled to recover from Huntington the relief requested herein.

### THIRD CAUSE OF ACTION
### (Ohio Wage and Hours Law – Record-Keeping Violation)
### (Brought on Behalf of Ohio Class Representative and the Ohio Class)

100. The Ohio Class Representative on behalf of herself and all Ohio Class members, realleges and incorporates by reference the allegations in the preceding Paragraphs as if they have been set forth herein.

101. Defendants failed to maintain records of the Ohio Class members' hours worked for each day worked.

102. Defendant's failure to maintain such records violates Section 34a and entitles the Ohio Class Representative and the Ohio Class to the remedies provided by that Section as well as O.R.C. § 4111.14.

# PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, individually and on behalf of all other similarly situated FLSA Collective members, pray for the following relief:

A. At the earliest possible time, Plaintiff should be allowed to give notice of this collective action, or the Court issue such notice, to all persons who are members of the FLSA Collective. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied overtime;

B. Unpaid wages and liquidated damages in the maximum amount allowed by 29 U.S.C. §§ 201, *et seq*. and the supporting United States Department of Labor regulations and the employer's share of FICA, FUTA, state unemployment insurance and any other required employment taxes;

C. Payment of a service award to Plaintiffs, in recognition of the services they have rendered, and will continue to render, to the FLSA Collective members;

D. Pre-judgment interest;

E. Attorneys' fees and costs of the action, including expert fees;

F. Reasonable incentive award for the named Plaintiff to compensate her for the time she spent attempting to recover wages for other opt-in plaintiffs and for the risks she took in doing so; and

G. A declaratory judgment that the practices complained of herein are unlawful; and

H. Such other relief as this Court deems just and proper.

**WHEREFORE**, the Ohio Class Representative, individually and on behalf of all members of the Ohio Class, prays for the following relief:

A. Certification of the state law claims in this action as class actions;

B. Designation of Melanie Marche as the Ohio Class Representative of the Ohio Class;

C. A declaratory judgment that the practices complained of herein are unlawful under the OMWA;

D. Appropriate equitable and injunctive relief to remedy Defendants' violations of the OMWA, including but not necessarily limited to an order enjoining Defendants from continuing its unlawful practices;

E. An award of damages (including but not limited to unpaid wages and unpaid overtime wages, as applicable), liquidated damages, appropriate statutory penalties, the employer's share of FICA, FUTA, state unemployment insurance and any other required employment taxes and restitution to be paid by Huntington according to proof;

F. An award of "damages" and attorney's fees under R.C. 4111.14(J);

G. Pre-judgment interest;

H. All penalties provided by law;

I. Attorneys' fees and costs of this action, including expert fees;

J. Reasonable incentive award for the named Plaintiff to compensate her for the time she spent attempting to recover wages for other opt-in plaintiffs and for the risks she took in doing so; and

K. A declaratory judgment that the practices complained of herein are unlawful; and

L. Such other relief as this Court deems just and proper.

**<u>DEMAND FOR TRIAL BY JURY</u>**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by this Collective and Class Action Complaint.

Respectfully submitted,

s/ Drew Legando
Drew Legando (0084209)
MERRIMAN LEGANDO WILLIAMS & KLANG, LLC
1360 West 9th Street, Suite 200
Cleveland, Ohio 44113
T. (216) 522-9000
F. (216) 522-9007
E. drew@merrimanlegal.com

Gregg I. Shavitz (*pro hac vice* application forthcoming)
Paolo C. Meireles (*pro hac vice* application forthcoming)

Logan A. Pardell (*pro hac vice* application forthcoming)
SHAVITZ LAW GROUP, P.A.
951 Yamato Rd, Suite 285
Boca Raton, Florida 33431
T. (561) 447-8888
F. (561) 447-8831
E. gshavitz@shavitzlaw.com
　pmeireles@shavitzlaw.com
　lpardell@shavitzlaw.com

Justin M. Swartz (*pro hac vice* application forthcoming)
OUTTEN & GOLDEN LLP
685 Third Avenue, 25th Floor
New York, New York 10016
T. (212) 245-1000
F. (646) 509-2057
E. jms@outtengolden.com

Hannah Cole-Chu (*pro hac vice* application forthcoming)
OUTTEN & GOLDEN LLP
601 Massachusetts Ave NW, Suite 200W
Washington, DC 20001
T. (202) 847-4400
F. (646) 509-2006
E. HColeChu@outtengolden.com

*Counsel for Plaintiffs, the FLSA Collective, and the Ohio Class*